UNITED STATES of America,
Appellee,

v.

Dana Dray McCANN, a/k/a Danny
Combs, Defendant, Appellant.

No. 03–1174.

United States Court of Appeals,
First Circuit.

May 26, 2005.

Dina Michael Chaitowitz, Cynthia A. Young, U.S. Attorney's Office, Boston, MA, for Appellee.

Bruce Green, Westfield, MA, for Appellant.

Before BOUDIN, Chief Judge, LYNCH and HOWARD, Circuit Judges.

## ORDER OF COURT

After we affirmed Dana Dray McCann's convictions and sentence for mail fraud, wire fraud and money laundering, the Supreme Court granted his petition for writ of certiorari, vacated the judgment of this court, and remanded the case for further consideration in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See United States v. McCann*, 366 F.3d 46 (1st Cir.2004), *cert. granted and judgment vacated by* 543 U.S. 1104, 125 S.Ct. 986, 160 L.Ed.2d 1017 (2005). Thereafter, we invited the parties to file supplemental briefs addressing whether, in light of *Booker* and *United States v. Antonakopoulos*, 399 F.3d 68 (1st Cir.2005), McCann's case should be remanded to the district court for re-sentencing.

Although McCann concedes that he did not preserve his *Booker* challenge be-

low, and that we must therefore apply the plain error standard of review set forth in *Antonakopoulos*, he fails to present any argument, under the third prong of the plain error test, that there is a reasonable probability that the district court would impose a more favorable sentence to him under the now advisory Sentencing Guidelines. *See* 399 F.3d at 75. Instead, he invites us to disregard the *Antonakopoulos* standard in favor of a standard that presumes prejudice to a defendant in cases where the district court treated the Guidelines as mandatory.

■ We have rejected entreaties to disregard the standard announced in *Antonakopoulos, see, e.g., United States v. Bailey,* 405 F.3d 102, 114 (1st Cir.2005), and continue to do so here. McCann has failed to present a viable theory as to how the *Booker* error prejudiced his substantial rights. *See id.* Moreover, given the district court's statements at sentencing concerning the severity of the crime and the seriousness of McCann's criminal history, and the fact that the court chose to sentence McCann at the top of the applicable Guideline range, we can see no reasonable probability that the court would sentence McCann more leniently under the advisory Guidelines. *See United States v. Brennick,* 405 F.3d 96, 101 (1st Cir.2005).

We have considered this case in light of *Booker* and conclude that McCann is not entitled to relief.[1] We therefore reinstate our opinion and judgment of May 5, 2004 affirming McCann's convictions and sentence.

---

**1.** We also deny McCann's attempt to resurrect his challenge to the mail and wire fraud convictions. That argument is not within the scope of the Supreme Court's remand or our order inviting supplemental briefing, nor does it present any "exceptional circumstances" such that we would entertain the claim as an exception to the law of the case doctrine. *See United States v. Bell,* 988 F.2d 247, 250–51 (1st Cir.1993).